```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

  DAVID ZWIBEL and ANITA ZWIBEL,

                Plaintiffs,
                                                    ORDER
          -against-
                                              20-CV-0016(EK)(RLM)
  ERIC H. GREEN, et al.,

                Defendants.

----------------------------------------x
```

Eric Komitee, United States District Judge:

Plaintiffs David and Anita Zwibel brought this action *pro se* against defendants Eric H. Green, the Law Offices of Eric H. Green and Associates, and Ronald W. Ramirez, alleging legal malpractice in connection with a negligence action that the Zwibels litigated in New York Supreme Court, Queens County, following a motor vehicle accident.  In their Complaint, Plaintiffs asserted that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) based on the diversity of citizenship of the parties.  *See* Amended Complaint ¶ 11, ECF No. 15 (Compl.).  For the reasons set forth below, this case is dismissed for lack of subject matter jurisdiction.

### I. Discussion

As set forth in this Court's Order dated December 31, 2020, the Court has an obligation to examine its subject matter jurisdiction *sua sponte*.  *See Joseph v. Leavitt*, 465 F.3d 87, 89

1

(2d Cir. 2006).  In that Order, the Court determined that the jurisdictional allegations in Plaintiffs' Complaint were insufficient to demonstrate that diversity of citizenship exists between the parties, because the Complaint alleges only that Plaintiffs are "residents of Florida," Compl. ¶ 1, and that the individual defendants, Eric H. Green and Ronald W. Ramirez, are "residents of New York." *Id.* ¶¶ 3, 7.  Citizenship is determined by a person's domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53-54 (2d Cir. 2019).  Because a person can have multiple residences, but only one domicile, "allegations of residency alone cannot establish citizenship."  *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997).  Accordingly, the parties were directed to submit affidavits containing additional information sufficient for the Court to ascertain their citizenship as of the date this lawsuit was filed.[1]

In response, Defendants submitted affidavits averring that they are domiciled in New York, citing factors such as where they live and maintain law offices.  *See* Affidavit of

---

[1] In light of Plaintiffs' *pro se* status, the Court also held a conference on January 19, 2021 to discuss this issue with the parties.

Ronald W. Ramirez, ECF No. 23; Affidavit of Eric H. Green, ECF No. 24.  On January 21, Plaintiffs submitted a letter acknowledging that, although they currently reside in Florida, they also maintain a residence in New York and that other factors relevant to determining their citizenship – including where they are registered to vote, where their car is registered, and where they pay income taxes – establish their domicile in New York.  *See* Plaintiffs' Letter dated January 21, 2021, ECF No. 27.  Therefore, Plaintiffs ask that the Court "transfer the case to New York State Supreme Court."  *Id.*

The facts presented in Plaintiffs' letter are relevant to the assessment of where they are domiciled.  Where, as here, a party has more than one residence, courts look to factors including, *inter alia*, their voting registration, automobile registration, and where they pay taxes.  *See, e.g.*, *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96 (E.D.N.Y. 2019).  Based on the parties' submissions, the Court finds that Plaintiffs, as well as the Defendants, are citizens of New York for jurisdictional purposes.

Accordingly, complete diversity is lacking, and the Court does not have subject matter jurisdiction over this case.  This order does not, of course, prohibit Plaintiffs from bringing their claims in New York state court.

## II. Conclusion

For the reasons set forth above, this case is dismissed for lack of subject matter jurisdiction.  The Clerk of Court is respectfully directed to mark this action closed.

SO ORDERED.

                                                    /s/ Eric Komitee  
                                                    ERIC KOMITEE  
                                                    United States District Judge

Dated:    January 26, 2021  
            Brooklyn, New York